NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KERRI S. KUHLMANN,**
*Petitioner*

**v.**

**DEPARTMENT OF LABOR,**
*Respondent*

**MERIT SYSTEMS PROTECTION BOARD,**
*Intervenor*

---

2024-1527

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0437-W-1.

---

**ON MOTION**

---

Before STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

## O R D E R

The Merit Systems Protection Board moves to dismiss, or, in the alternative, remand this case to allow further

consideration of Kerri S. Kuhlmann's appeal by the Board. ECF No. 15. Ms. Kuhlmann opposes the motion.

Ms. Kuhlmann filed an individual right of action appeal at the Board. Following an initial decision denying corrective action, Ms. Kuhlmann sought full Board review. However, on January 23, 2024, the Board informed Ms. Kuhlmann that then-Vice Chairman Harris had recused from the matter, leaving only a single Board member able to conduct review, and that by operation of 5 C.F.R. § 1200.3(b),[1] the "initial decision now becomes the final decision of the [Board]." ECF No. 1-2 at 41. This appeal followed.

The Board informs the court that now-Chairman Harris is "fully able to adjudicate [Ms. Kuhlmann's] administrative petition for review at the Board" after June 1, 2024, and that "as of June 1, 2024 [Ms. Kuhlmann] will have at least two members of the Board fully able to adjudicate her appeal without delay," ECF No. 19 at 4. In light of such developments, the Board has reopened Ms. Kuhlmann's matter on its own initiative. While the Board contends its decision to reopen now renders its earlier decision non-final for purposes of review, it is far from clear that the Board had authority to reopen given her timely appeal. *See Drs. Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 676–78 (7th Cir. 2010) ("[T]he inferior tribunal (the agency) must request permission from the appellate tribunal before it reopens its final decision.").

But we need not decide that issue. Ms. Kuhlmann has argued before this court that "[o]ne obvious remedy" to the Board's purported error "is for Chairman Harris to reverse

---

[1]    Section 1200.3(b) provides that when "Board members are unable to decide any case by majority vote, the decision . . . under review shall be deemed the final decision . . . of the Board."

her . . . recusal." ECF No. 16 at 20. She has now done so. Given that the Board agrees with Ms. Kuhlmann that at least as of June 1, 2024, Chairman Harris has no basis to recuse, we find it appropriate to remand this case to allow the Board to "adjudicate [Ms. Kuhlmann's petition] without delay." ECF No. 19 at 4.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted to the extent that the case is remanded to the Board for further proceedings consistent with this order and its motion.

(2) All other pending motions are denied.

(3) Costs to Ms. Kuhlmann.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

June 25, 2024
Date